[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This plaintiff seeks to recover for personal injuries alleged to have been incurred in a minor motor vehicle accident which occurred on September 13, 1996.
On that occasion, the defendant City's truck backed into the front end of the plaintiff's vehicle as it prepared to leave its curbside location. Both vehicles had been standing in a no parking zone.
The court heard testimony from both drivers and the plaintiff submitted his chiropractor's report and bill in the amount of $2440.04.
This was a low impact collision which allegedly produced substantial injuries which persist to date. The photos of the damage to the plaintiff's car indicate minimal contact and damage, yet the plaintiff claims the defendant operator backed up eight feet and was moving fast enough and far enough to attract his attention and prompt him to move to shout at the driver. The defendant operator, Robert Canalori, claimed he only backed up a foot and tapped the plaintiff's vehicle slightly.
Obviously, credibility is the major factor here as corroboration is virtually nonexistent.
The court is first skeptical of this vehicular contact producing the treatment requirements set out in the plaintiff's medical report.
The plaintiff didn't seek treatment for a week and the person who directed him to this doctor was either his lawyer or his girlfriend — he indicated both on separate occasions.
He lost no time from work and originally thought his low back pain was work-related. His complaint as described in the medical report was in part that his "ordinary daily activities was (sic) limited, difficult and/or painful as a result of this accident: standing, bending, lifting and reaching."
The plaintiff was then treated with a variety of eight routines, including traction, manipulation (to address misalignment!), nutritional supplements and a support pillow. There is no indication as to what condition these treatments addressed.
The plaintiff's contradictory responses to questions in court and in his deposition are not significant alone, but in the context of the minor impact, slight damage, the versions of the event, this puffed up medical report and obvious over-treatment, the court does not find this presentation credible. CT Page 12464
The court concludes this impact could not, in all likelihood, produce injuries; that the medical report is not credible and is replete with glaring over-treatment for non-existing conditions. Judgment may enter for the defendants.
By the Court,
Anthony V. DeMayo, J.T.R.